**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| **AMBER STURGEON,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | **Case No. 09-1007-WEB** |
| ) | |
| **DEVON T. MEEK,** ) | |
| ) | |
| **Defendant.** ) | |
| ) | |
| ) | |

## MEMORANDUM AND ORDER

This matter is before the court on defendant's motion to strike paragraphs 6-11 of plaintiff's complaint. (Doc. 4). Plaintiff opposes the motion. For the reasons set forth below, the motion shall be DENIED.

### Background

This is a personal injury case for injuries suffered from a two vehicle accident. Highly summarized, plaintiff alleges that she was a passenger in her father's vehicle traveling east on U.S. 40 in Douglas County, Kansas. Defendant, driving in an intoxicated state, failed to stop his vehicle at a stop sign and caused a collision. Plaintiff seeks damages for her injuries and also seeks punitive damages based on the "wanton nature of the actions and omissions of the defendant."

## Defendant's Motion to Strike

Defendant moves to strike paragraphs 6-11, arguing that the paragraphs are "redundant, immaterial, impertinent, and scandalous." As explained in greater detail below, defendant's arguments are not persuasive.

Rule 12(f) provides that "the court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." The standards for granting a Rule 12(f) motion are demanding and summarized by Chief Judge Vratil of this district as follows:

> Rule 12(f) motions are a generally disfavored, drastic remedy. A motion to strike will usually be denied unless the allegations have no possible relation to the controversy and may prejudice one of the parties. If the record reveals any doubt as to whether under any contingency a certain matter may raise an issue, the court should deny the motion. If plaintiffs plead evidentiary facts that aid in giving a full understanding of the complaint as a whole, they need not be stricken.

Miller v. Pfizer, Inc., 1999 WL 1063046, at * 3 (D. Kan. Nov. 10, 1999)(citations omitted).

Defendant's arguments for striking paragraphs 9-11 are summarily rejected. Paragraph 9 describes in detail the reasons defendant was operating his vehicle in a negligent manner, including (1) failure to keep a proper lookout and (2) failure to yield the right of way at a stop sign. Paragraph 10 describes plaintiff's injuries, including facial lacerations, rib fractures, and knee injuries. Paragraph 11 sets forth plaintiff's request for (1) punitive damages and (2) a general claim for monetary damages in excess of $75,000. None of the allegations in paragraphs 9-11 are "redundant, immaterial, impertinent, and scandalous" and defendant's suggestions to the contrary are frivolous.

Paragraphs 6-8 describe defendant's (1) attempts to flee the scene of the accident and hide from police officers, (2) efforts to falsely deny that he was the driver of the vehicle, and (3) arrest. Defendant argues that these allegations are immaterial because the post-accident activities by defendant are not relevant to plaintiff's personal injury claim. The court does not agree. Defendant's conduct immediately following accident and statements are relevant to the issue of his intoxication. Because defendant's intoxication relates to plaintiff's claim for punitive damages. the allegations are relevant. Accordingly, defendant's motion to strike paragraphs 6-8 shall be denied.

**IT IS THEREFORE ORDERED** that defendant's motion to strike **(Doc. 4)** is **DENIED.**

Dated at Wichita, Kansas this 9th day of March 2009.

S/ Karen M. Humphreys

_____
KAREN M. HUMPHREYS
United States Magistrate Judge